IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP WESLEY SMITH<br><br>  Plaintiff,<br>vs.<br><br>THE CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ANTHONY AMBROSE, GARRY F. McCARTHY, KURT R. EBLER, RICHARD CUCCOLO, JOHN DOES 1-10<br>  Defendants. | CIVIL ACTION<br><br>Case No.:  08-1332<br>                          (SRC)<br>COMPLAINT<br><br>3-14-08 |

Plaintiff Philip Wesley Smith, by way of complaint against defendants in the matter of, hereby states:

### Background Facts

This is a civil rights lawsuit in which a Newark police officer, Philip Wesley Smith, asserts his right as a citizen to speak anonymously and critically about an issue of intense public interest-the integrity an competence of the Newark Police Department. It raises fundamental questions about an individual's rights of free anonymous speech, internet privacy, and the state's ability to use, or misuse, the criminal process to unmask the identity of anonymous critics.

While off duty and acting as as individual citizen, Smith posted anonymous internet messages highly critical of the department on a popular local blog, NewarkSpeaks.com. Several of those messages ridiculed high ranking members of the department; others accused department members of corruption.

These posts did not constitute a crime. Yet in its investigation of them, the police department improperly used the grand jury process to obtain Smith's identity; he was disciplined by the department in retaliation for his critical speech.

In doing so, the department violated Smith's rights of free speech under the First Amendment and the state constitution; his privacy rights under the state constitution; the wire tap law; the state law governing grand jury secrecy. It misused the criminal process to address what was at most an internal disciplinary matter.

Smith now brings this complaint to remedy these violations, and to vindicate his rights of speech privacy under both federal and criminal law.

## 1. PARTIES

1. Plaintiff Philip Wesley Smith is an adult individual, residing at 2105 Aspen Drive, Plainsboro, New Jersey. At all relevant times, Smith was an officer in the Newark Police Department.

2. The City of Newark is a municipal corporation organized under the laws of the state of New Jersey, with it's principal place of business at 920 Broad Street, Newark, New Jersey. Among its other functions, the city maintains and operates the Newark Police Department, which provides law enforcement services to the city.

3. Defendant Anthony Ambrose is an adult individual, whose address is 55 Grove Avenue, East Hanover, New Jersey 07936. During part of the time period relevant to this lawsuit, Ambrose was the police director of the city of Newark. He is sued in his individual and official capacities.

4. Defendant Garry McCarthy is an adult individual, whose address is 411 Chestnut Street, Unit 4-E, Newark, New Jersey 07105. During part of the time period relevant to this lawsuit, McCarthy was the police director of the city of Newark. He is sued in his individual and official capacities.

5. Defendant Kurt R. Ebler is an adult individual whose address is 245 Avon Avenue, Westfield, New Jersey 07090-1747. At all relevant times, Ebler was deputy chief of the Newark Police Department. He is sued in his individual and official capacities.

6. Defendant Richard Cuccolo is an adult individual, whose address is 13 Valley View Drive, East Hanover, New Jersey 07936-2520. At all relevant times, Cuccolo was a captain in the Newark Police Department. He is sued in his individual and official capacities

7. Defendants John Does 1-10 are adult individuals, names and addresses currently unknown, who at all relevant times were members in the Newark Police Department and who participated in the events recounted below. They are sued in their individual capacities.

## II. SUBSTANTIVE ALLEGATIONS

8. Smith was a police officer of the Newark Police Department, with the rank of patrolman. He has been a Newark police officer for 12 years and ten months.

9. In February 2006, Smith while off duty and acting as an individual citizen rather than a police officer, posted a number of anonymous messages on the internet website NewarkSpeaks.com., which is a website devoted to discussion of public issues relevant to the City of Newark, including the operation of the city government.

10. These messages were highly critical of the operations of the Newark Police Department and of several of the individual defendants, including Ambrose, Ebler and Cuccolo. Several of the messages alleged incidents of the corruption and incompetence involving the individual defendants; referred to them by derogatory descriptions and nicknames; or included graphic elements that ridiculed those defendants.

11. These messages concerned matters of public interest and concern, specifically the honesty, integrity and competence of the Newark Police Department and its commanding officers.

12. Upon learning of the existence of these anonymous messages, defendants began an investigation to determine the identity of the person who posted them.

13. In the course of the investigation, defendants improperly obtained and utilized Essex County grand jury subpoenas, which they served on both the NewarkSpeaks.com website and various internet service providers, to wrongfully learn Smith's identity as a person who posted messages critical of the department.

14. In particular, the defendant's use of the grand jury subpoenas in this case constituted an abuse of the grand jury process because:

    a) the subpoenas were based on a specious criminal charge.

    b) the subpoenas were improperly drawn and neither contained a return date nor offered the recipients an opportunity to appear before the grand jury.

    c) the subpoenas were not supervised by either the grand jury or the county prosecutor's office.

    d) the subpoenas were not properly signed by a prosecutor or issued by a court.

    e) the subpoenas generated evidence that was thereafter improperly used by defendants outside the criminal process and without court authorization.

    f) the subpoenas were an improper attempt by the defendants to circumvent their inability to obtain plaintiff's identity by legitimate means.

15. Having obtained Smith's identity in this improper fashion, and in retaliation for Smith's having posted messages critical of defendants and the police department, defendants initiated formal disciplinary proceedings against Smith seeking his removal from the police force.

16. The actions of defendants described above were taken under the color of state law.

17. The actions of defendants described above embodied, and were the result of, the policy, procedure, custom and practice of the City of Newark, in that they purported to enforce certain written rules and regulations of the Newark Police department; in that they reflected a determination of plaintiff's rights and status by persons with supervisory and policy-making authority; and in that they represented a concerted effort by the defendants to punish plaintiff for the exercise of his rights of free speech and privacy.

18. The actions of the individual defendants were intentional, deliberate and malicious.

19. Defendant's actions have caused plaintiff immediate and irreparable harm.

## COUNT I
### (First Amendment Violations)

20. Plaintiff incorporated the averments of paragraphs 1-19 as if fully set forth.

21. Plaintiff has a right protected by the First Amendment to the federal constitution, to speak freely as a citizen about matters of public interest and concern.

22. Plaintiff has a further right, also protected by the First Amendment, to speak anonymously and as a citizen about matters of public interest and concern.

23. In posting his anonymous critiques of the Newark Police Department and of defendants, plaintiff was exercising those rights.

24. Plaintiff's rights to speak anonymously and as a citizen on these matters outweigh any interest defendants might have in this instance in preventing disruption or maintaining the efficient operation of the Newark Police Department.

25. The actions of defendants described above violated plaintiff's First Amendment rights by retaliating against, and punishing him, for his exercise of those rights.

26. As a proximate result of the violation of his First Amendment rights, plaintiff has been injured, in that he has been subjected to improper retaliatory discipline, and has suffered financial damages lost pay and benefits, loss of status, mental and emotional stress, and violation of constitutional and statutory rights.

## COUNT II
### (State Constitutional Violation- Free Speech)

27. Plaintiff incorporates the averments of paragraphs 1-26 as if fully set forth.

28. The actions of defendants described above violate plaintiff's right under Article I, paragraphs 6 and 18 of the New Jersey Constitution.

29. As a proximate result of the violation of his First Amendment rights, plaintiff has been injured as set forth.

## COUNT III
### (State Constitutional Violation- Privacy)

30. Plaintiff incorporates the averments of paragraphs 1-29 as if fully set forth.

31. Plaintiff had a right of privacy, under Article I, paragraphs 1 and 7 of the New Jersey Constitution, to use the internet anonymously absent a proper showing by state authorities of the need to obtain the identity of an anonymous internet speaker.

32. The actions of defendants described above, and in particular the misuse by defendants of the grand jury subpoena process to pierce plaintiff's constitutionally protected internet anonymity and obtain his identity, violated his right.

33. As a proximate result of defendant's conduct, plaintiff has been injured as set forth above.

34. As a proximate result of defendant's actions in violation of the wiretap act, plaintiff has been injured as set forth above.

WHEREFORE, plaintiff demands a judgement in his favor and against defendants as follows:

A. For compensatory damages.

B. For punitive damages.

C. For a declaration that plaintiff's federal and state constitutional rights have been violated.

D. For an order immediately reinstating plaintiff to his position as a patrolman in good standing and on active status with the Newark Police Department, together with all back pay and benefits.

E. For costs and fees, and pursuant to any other relevant statute, rule or common law principle.

F. For all other appropriate relief.

## DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues.